UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAMON JOHNSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:16-CV-293 SNLJ |
| | ) |
| STEVE LONG, et al., | ) |
| | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. This action was filed jointly by five prisoners. This Court does not permit multiple prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure. *See, e.g., Georgeoff v. Barnes*, 2:09CV14 ERW, 2009 WL 1405497 (E.D. Mo. 2009). As a result, the Court will strike four of the plaintiffs from this case and order the Clerk to open new cases for the stricken plaintiffs.

There are several reasons for this. First, the Prison Litigation Reform Act ("PLRA") requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). However, "[m]ultiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple plaintiff case subject to the PLRA." *Lilly v. Ozmint*, 2007 U.S. Dist. LEXIS 49153 *4, 2007 WL 2021874 *1 (D.S.C. July 6, 2007) (slip copy); *see* 28 U.S.C. § 1914. Therefore, the requirement of § 1915(b)(1) that each prisoner pay the full amount of a filing fee requires individual prisoners to bring separate suits, rather than file jointly under Rule 20. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

Additionally, courts have noted that "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL 427396 *2 (D.N.J. Feb. 19, 2009).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. Other courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for one court was the possibility that coercion, subtle or not, frequently plays a role in relations between inmates.

*Id.*

Finally, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under § 1915(g) so long as one of those prisoners' claims is viable, because § 1915(g) imposes a strike only if the entire action is dismissed. Prisoners may not circumvent the penalties associated with filing frivolous actions by joining claims under Rule 20.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to **STRIKE** plaintiffs James Mitchell, Talmadge Graham, Daryl Davis, and Vincent E. Sargent from this action.

**IT IS FURTHER ORDERED** that the Clerk is directed to open new cases for plaintiffs James Mitchell, Talmadge Graham, Daryl Davis, and Vincent E. Sargent, utilizing the complaint in the above-captioned case.

**IT IS FURTHER ORDERED** that the Clerk is directed to file the appropriate motions to proceed in forma pauperis in the new actions.

Dated this 17th day of January, 2017.

                                           STEPHEN N. LIMBAUGH, JR.
                                           UNITED STATES DISTRICT JUDGE